# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ANTHONY ROBERT DOBBINS,

    Plaintiff,

v.                                        Case No. 8:22-cv-2283-TPB-JSS

PINELLAS COUNTY JAIL and
PINELLAS COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

## ORDER

Plaintiff Anthony Robert Dobbins alleges that his civil rights were violated when officers applied excessive force to restrain him while he was in custody at the Pinellas County jail.[1] (Doc. 8) Under 28 U.S.C. §§ 1915(e) and 1915A, a district court is required both to review the complaint and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**I.**     **Complaint**

Dobbins alleges the following (Civ. Doc. 1 at 4–5):

> May 30 or June 1 at roughly 3–4 pm I was released from Northside hospital on a fentanyl overdose had been brought back and looked at by nurse and sent to SR 2 in healthcare [where] I

---

[1] According to publicly-available records from the Pinellas County Clerk of Court, Dobbins awaits trial on charges of trafficking and possessing heroin, in case number 2022CF5243.

> was asked to get up out of the wheelchair while in handcuffs and take my clothes [off][.] I said I couldn't I was [too] weak to move due to the OD[.] [T]here I was thrown to the ground the cuffs weren't locked so they tightened up underneath me as the several guard[s] are on top of me using excessive force. Its all on camera they refused my grievance saying I was uncoop[sic] but again I was in cuffs in a chair.
>
> I was in a wheelchair and in handcuffs and was thrown to the floor and folded up and abused by officers which I cannot name due to poor sight but its on camera[.]

Dobbins alleges that, as a result of the use of excessive force, he suffers from nerve damage in his hand and permanent scars. (*Id.* at 5) He seeks to recover $10,000.00 in damages. (*Id.*)

## II. Analysis

Dobbins names two defendants—the Pinellas County Sheriff's Office and the Pinellas County jail—neither of which are legal entities subject to suit under Section 1983. As *Faulkner v. Monroe County Sheriff's Dep't*, 523 F. App'x 696, 700–71 (11th Cir. 2013), explains:

> Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992). Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued. Thus, the district court did not err by dismissing Faulkner's claim against MCSO because MCSO is not a legal entity with the capacity to be sued under Florida law. *See Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. Dist. Ct. App. 1995) (noting that the municipality, not the police department, had the power to sue and be sued under Florida law).

Similarly, a detention center or jail lacks the capacity to be sued under Florida law. *Maldonado v. Baker Cty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021).

Dobbins may pursue a claim against neither the Pinellas County Sheriff's Office nor the Pinellas County jail.

If Dobbins can name a proper defendant in this action, he may file an Amended Complaint. However, Dobbins is cautioned that fictitious party pleading "is not [generally] permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). When preparing an amended complaint, Dobbins must describe each defendant and the circumstances of their involvement in this case (e.g., dates, times, locations, or any other identifying information about the defendant) with sufficient particularity that the defendant sued under a fictitious name may be reasonably identified. *See Dean*, 951 F.2d at 1215-16. Furthermore, the complaint must allege facts showing the direct involvement of each defendant in the deprivation of his civil rights. Dobbins cannot base a Section 1983 claim on *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 691, 694 (1978).

### III. Conclusion

Accordingly, it is **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a. If Dobbins wishes to amend his allegations to remedy the noted deficiencies, he shall file an Amended Complaint within **THIRTY DAYS** of the date of this order.

    b. To amend his Complaint, Dobbins should complete a new civil rights complaint form, titling it "Amended Complaint." The Amended

       Complaint must include all of Dobbins's claims in this action and may not refer back to, or incorporate, the original Complaint. The Amended Complaint shall supersede all prior complaints. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. The Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Dobbins fails to file an Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Dobbins must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Dobbins a copy of both the standard prisoner civil rights complaint form and this order.

**ORDERED** in Tampa, Florida, on January 5th, 2023.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**